IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT EARL COUNCIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL CASE NO. 2:23-cv-730-ECM |
| ) | [WO] |
| COMMISSIONER JOHN HAMM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Now pending before the Court is the Plaintiff's motion for limited discovery. (Doc. 48). The Plaintiff argues limited discovery is necessary "to dispute Defendants' evidence" that the Plaintiff failed to exhaust his administrative remedies. (*Id.* at 1). In his motion, he seeks leave to serve three requests for production and one interrogatory on the Defendants. (*Id.* at 2). The Defendants claim that each Defendant is "sued in their individual capacity" and does not have "possession" of the documents the Plaintiff requests, which are in the possession of the Alabama Department of Corrections ("ADOC").[1] (Doc. 50). Previously, the Court issued an Order requiring the parties to provide supplemental briefing and evidence regarding whether the Plaintiff exhausted his administrative remedies.[2] (*See* doc. 47). On January 6, 2025, the parties responded and

---

[1] Shamarion Dozier was not part of this response—or any filing—by the other Defendants in this case as she is not represented by the same counsel. She remains unrepresented and has not participated in the litigation.

[2] This Order followed the Defendants' request in their reply brief in support of the motion to dismiss for "the Court [to] require the parties to provide further exhibits for the Court to conduct fact-finding . . . . Defendants could show that the grievance process was widely used by numerous other inmates during the

submitted evidence. (*See* docs. 52, 53).  On January 13, 2025, the parties filed a reply. (*See* docs. 54, 55).  With its reply, the Defendants submitted additional evidence. (Doc. 54-1).

As the Eleventh Circuit has noted, "[d]istrict courts have 'unquestionable' authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (quoting *Canada v. Matthews*, 449 F.2d 253, 255 (5th Cir. 1971)).  "This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)).  Managing cases involves "the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001).

In all cases, "[d]istrict courts have the power to order the discovery of facts necessary to determine their jurisdiction over the merits." *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 878 (11th Cir. 2018) (citation omitted).[3]  The requirement that a prisoner exhaust his administrative remedies is akin to jurisdiction as it is a prerequisite for an adjudication of the case's merits. *See Bryant v. Rich*, 530 F.3d 1368, 1375–76 (11th Cir. 2008) (citations omitted).  Here, the parties dispute whether the Plaintiff exhausted his administrative remedies, which implicates the Court's ability to reach the merits of the Plaintiff's claims arising from events after August 2023.  A court may "resolve factual disputes [at a motion to dismiss] so long as the factual

---

[relevant] time period that Plaintiff [ ] claims that the process was unavailable throughout the facility to all inmates." (Doc. 43 at 7–8).

[3] Here, and elsewhere in this Order, the Court cites nonbinding authority.  While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376 (citations omitted).

To facilitate the record's development, the Court finds the Plaintiff's request for limited discovery is due to be GRANTED. The Court is unpersuaded by the Defendants' argument that they do not possess the documents the Plaintiff seeks. As part of their submissions on January 6, 2025, and January 13, 2025, the Defendants included two affidavits from ADOC employees and relevant attachments. (*See* docs. 52-1, 52-2, 54-1). These attachments include internal ADOC communications discussing the new grievance procedure (doc. 52-1 at 4), a grievance form attributed to the Plaintiff (doc. 52-1 at 7–8), a response to the grievance form by ADOC staff (doc. 52-1 at 9), and two acknowledgments of training on the new grievance procedure from ADOC officers (doc. 54-1). The Defendants' evidence even identifies how many grievance forms (124) prisoners filed at Limestone Correctional Facility during the period listed in the Plaintiff's requests. (*See* doc. 52-1 at 2). From their submission, it is clear the Defendants have the "practical ability to obtain" the documents sought. *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 470–71 (S.D. Fla. 2011) (cited approvingly by *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016)); *see also Gross v. Lunduski*, 304 F.R.D. 141–44 (W.D.N.Y. 2014). Accordingly, the Plaintiff's motion is due to be GRANTED.

Nothing contained in this Order, however, shall be interpreted as an order from this Court that a good faith objection to any of the Plaintiff's discovery requests should not be made or that such an objection has been or will be overruled. To the extent the Defendants believe that the Plaintiff's requested discovery is objectionable (on grounds other than

3

those which the Court has already rejected in this Order), the Defendants may make appropriate objections. The Defendants are cautioned, however, that frivolous or conclusory objections will not be tolerated.

Accordingly, upon consideration of the motion and for good cause, it is

ORDERED that the Plaintiff's motion for limited discovery (doc. 48) is GRANTED. It is further

ORDERED that, **on or before January 21, 2025**, the Plaintiff shall propound to the Defendants the discovery requests contained within his motion (doc. 48 at 2).

DONE this 14th day of January, 2025.

                                             /s/ Emily C. Marks  
                                     EMILY C. MARKS  
                                     CHIEF UNITED STATES DISTRICT JUDGE