IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT EARL COUNCIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:23-cv-730-ECM |
| | ) | [WO] |
| COMMISSIONER JOHN HAMM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On April 1, 2025, Plaintiff filed a second amended complaint asserting six claims against eighteen Defendants. (Doc. 71). Seventeen Defendants (all but Shamarion Dozier) move to dismiss the second amended complaint with prejudice. (Doc. 74). In his response in opposition to the motion to dismiss, Plaintiff notes that the second amended complaint inadvertently omits a claim against Steven Parker in Count IV. (Doc. 80 at 70 n.22). Though Parker was listed as a defendant in the first amended complaint (*see* doc. 31), his exclusion from the second amended complaint has removed him from the case and terminated any claims against him. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (alteration adopted) (quotation omitted)).

Plaintiff argues that the Court should nevertheless "construe[]" the second amended complaint as "includ[ing] the claim" against Parker because the "facts underlying th[at]

claim are still in the operative complaint." (Doc. 80 at 70 n.22).  The caselaw Plaintiff marshals in support is inapposite, standing simply for the proposition that the federal courts operate under a notice pleading regime. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014); *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 928 (11th Cir. 2016).  Even under such a liberal regime, Plaintiff must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Accordingly, the second amended complaint is deficient as to Parker because it neither lists him as a defendant nor asserts any claims against him.  The Court cannot ignore Plaintiff's oversight and add his claim against Parker into the second amended complaint. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009))).

Plaintiff seeks leave to amend in the alternative. (Doc. 80 at 70 n.22).  Accordingly, the Court construes his response as including a motion for leave to amend, which the Court finds is due to be granted. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").[1]  Upon consideration of the motion, and for good cause, it is

ORDERED as follows:

1. Plaintiff's motion for leave to amend (doc. 80) is GRANTED.

---

[1] The Court cautions Plaintiff to take care not to omit any claims or Defendants from his third amended complaint, as the undersigned is not inclined to grant subsequent motions for leave to amend absent good cause.

2

2. Plaintiff shall file a third amended complaint asserting all of the claims he seeks to bring, and naming all Defendants against whom he seeks to bring claims, on or before **November 21, 2025**.

DONE this 14th day of November, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE